**WILLIAM R. TAMAYO, SBN 084965**
**DAVID F. OFFEN-BROWN, SBN 063321**
**DANA C. JOHNSON, SBN 187341**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**
**350 The Embarcadero, Suite 500**
**San Francisco, CA 94105-1260**
**Telephone No. (415) 625-5697**
**Fax No. (415) 625-5657**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **SIERRA RESTROOM SOLUTIONS, LLC** <br><br> **Defendant.** | Case No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Michael Scales who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, Michael Scales's employer, Defendant Sierra Restroom Solutions, subjected him to a racially hostile environment consisting of racial slurs and epithets, as well as racist comments and imagery. He was fired in retaliation for complaining about the racially hostile environment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the

///

COMPLAINT

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in Washoe County, Nevada, which is within the jurisdiction of the United States District Court for Nevada, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Sierra Restroom Solutions (the "Employer"), has continuously been a business entity doing business in Washoe County in the State of Nevada and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michael Scales filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled: the EEOC received a timely charge of discrimination and notified Defendant thereof; the EEOC conducted some investigation into the charge; the EEOC found cause to believe that discrimination had taken place; and, prior to initiation of suit, the EEOC engaged in good faith efforts to conciliate the matter.

7. Since at least November 2006, Defendant Employer has engaged in unlawful employment practices at its Sparks, Nevada facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, Defendant employer, through its supervisory employee, Jeff Palmer, and its non-supervisory employee, Billy James, created a racially hostile environment by using

///

2

COMPLAINT

racial slurs against Mr. Scales and making racist statements against African-Americans, including but not limited to referring to Michael Scales as "nigger" and stating that the white race should be kept pure.

8. On or about March 22, 2007, Defendant Employer engaged in an unlawful employment practice at its Sparks, Nevada facility, in violation of Section 704(f)(3) of Title VII, 42 U.S.C. § 2000e-3(f)(3) by firing Mr. Scales because he complained to his supervisor on or about March 6 and 20, 2007 about racially offensive episodes in the workplace.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Mr. Scales of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, African-American.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Mr. Scales.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in race harassment and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Scales, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Mr. Scales, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

///

1  paragraphs 7 and 8 above, including medical expenses not covered by the Employer's employee benefit
2  plan, in amounts to be determined at trial.
3      E.    Order Defendant Employer to make whole Mr. Scales by providing compensation for
4  past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs
5  7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and
6  humiliation, in amounts to be determined at trial.
7      F.    Order Defendant Employer to pay Mr. Scales punitive damages for its malicious and
8  reckless conduct described in paragraphs 7, 8, 11 and 12 above, in amounts to be determined at trial.
9      G.    Grant such further relief as the Court deems necessary and proper in the public interest.
10     H.    Award the Commission its costs of this action.
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

COMPLAINT

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street N.E.
Washington, D.C.  20507

Date:  September  15 , 2009

   /s/ William R. Tamayo
WILLIAM R. TAMAYO
Regional Attorney

Date:  September  15 , 2009

   /s/ David F. Offen-Brown
DAVID F. OFFEN-BROWN
Supervisory Trial Attorney

Date:  September  15 , 2009

   /s/ Dana C. Johnson
DANA C. JOHNSON
Senior Trial Attorney

Attorneys for Plaintiff EEOC

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105-1260

5

COMPLAINT